OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed, without prejudice to an application by the People, if they be so advised, to resubmit the charge of attempted robbery in the second degree.
 

 The indictment on which defendant was tried charged him with a single count of attempted robbery in the first degree, on the theory that defendant had displayed what appeared to be a firearm in the course of the crime (Penal Law § 160.15 [4]). Defendant’s pretrial motion to dismiss the indictment was denied, notwithstanding that the court found insufficient evidence to support the charged crime, since the court found that sufficient evidence was presented to the Grand Jury to establish the lesser included offense of attempted robbery in the second degree (Penal Daw § 160.15 [4]; § 160.10 [2] [b]). Ten months later, the People having made no attempt in the interim to supersede the indictment, defendant proceeded to trial.
 

 The dispute in this case centers on the trial court’s decision to grant defendant only the 10 peremptory challenges allowed when the highest crime charged is attempted second degree robbery — a class D felony and the offense actually established by the Grand Jury evidence — rather than the 15 peremptory challenges allowed for the class C felony of attempted first
 
 *766
 
 degree robbery, the only crime charged in the indictment
 
 (see,
 
 CPL 270.25 [2]).
 

 We need not consider the merits of the People’s contention that it was permissible for the trial court, pursuant to CPL 200.70 (1), to grant their motion to "amend” the indictment so as to reduce the charge to attempted second degree robbery, and that there was a "de facto” amendment. As the record reveals, the trial court did not dismiss the attempted first degree robbery count, on the People’s motion or otherwise, until the case was submitted to the jury. Indeed, it is clear from the court’s remarks that the procedure fashioned was the product of frustration with the "fiction” that the top count of the indictment remained in the indictment, despite the insufficiency of the evidence to support it. Understandable though that frustration may be
 
 (see,
 
 Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.70, at 523), the subject is not one for trial court improvisation but for legislative action — as evidenced by the recent enactment of a law authorizing trial courts to reduce charges in an indictment
 
 (see,
 
 L 1990, ch 209 [signed into law June 2, 1990]).
 

 Although the court made it clear that if the People’s case proceeded as expected, attempted first degree robbery would not be submitted to the jury, that was no substitute for compliance with the clear statutory directive of CPL 270.25 (2), which bases the number of peremptory challenges each party must be allowed on the degree of the highest crime charged. The highest crime charged against defendant was the class C felony of attempted robbery in the first degree. Defendant was therefore entitled to 15 peremptory challenges.
 

 Because the indictment must be dismissed, we do not consider defendant’s other claims, except to note that the trial court’s extremely lengthy predeliberation instructions to the jurors on the importance of harmonizing their differing views was at best unnecessary.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.