OPINION OF THE COURT
Robert J. Collini, J.
The defendant is charged with robbery in the first degree et al. A jury trial was commenced before this court on May 13, 2003.
*418 During voir dire the court, sua sponte, ruled that the prosecution had discriminatorily used several peremptory challenges after observing that six of its first seven challenges were used to excuse African-American jurors. After a hearing, at which the court followed the three-step process set forth in Batson v Kentucky (476 US 79, 94 [1986]), one of the challenged jurors was reseated. The prosecutor then requested that he be able to reuse that challenge in a future round of jury selection.
During a later round of voir dire, the prosecutor made a “reverse Batson” challenge. After hearing both attorneys, the court found that the defense had also struck several potential jurors solely on the basis of race and ordered that three of these people be reinstated.
At issue herein is whether the court has the authority to reinstate the peremptory challenges that were used by the parties in their attempt to discriminate.
In Batson, the United States Supreme Court held that the prosecution’s use of peremptory challenges was subject to the Fourteenth Amendment’s Equal Protection Clause {id.). Accordingly, prosecutors are prohibited from exercising peremptory challenges in a purposefully discriminatory manner.
Batson is not limited to the use of peremptory challenges by the prosecution (People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]). In Kern, the New York Court of Appeals held that the New York State Constitution also prohibits the defense from excluding persons of a particular race from criminal jury service (id. at 652).
As previously indicated, a three-step process is used for determining when the use of a peremptory challenge is discriminatory. First, the moving party must establish a prima facie case of discrimination. Second, the nonmoving party must give a race-neutral reason for each potential juror challenged. Third, the court must determine whether the proffered reason is merely a pretext for discrimination (People v Smocum, 99 NY2d 418, 422-423 [2003]). If the court finds the reason is pretextual, the challenged juror must be reseated (Batson, 476 US at 99-100).
In the present case, the court followed this process and found that the reasons given by both sides, in peremptorily challenging the prospective jurors, were pretextual. Therefore, the court was compelled to reinstate the affected prospective jurors.
*419 After reinstatement, the prosecution requested that the court restore the peremptory challenges that had been exercised.[1] The prosecutor argued that the Criminal Procedure Law and the Batson/Kern case law does not mandate forfeiture of the disputed challenges.
The law is clear, however, that a prosecutor cannot exercise a peremptory challenge after the defense has declined to exercise one on a particular juror (People v Alston, 88 NY2d 519, 524 [1996]; CPL 270.15). In fact, it is reversible error to allow the prosecution to do this (People v Davis, 269 AD2d 463 [2000]; see also People v Broderick, 255 AD2d 389 [1998]; People v De Conto, 172 AD2d 684 [1991], affd 80 NY2d 943 [1992]). However, the instant case is distinguishable because the prosecutor herein sought to have the challenge reinstated for use in a subsequent round of jury selection.
This court has been unable to locate any published opinion either authorizing or prohibiting the forfeiture of a discriminatory peremptory challenge.
Despite the lack of case law concerning this particular issue, trial courts are afforded extensive discretion throughout both the voir dire process and during the Batson/Kern analysis (see e.g. Batson, 476 US at 98; People v Jean, 75 NY2d 744, 745 [1989]; People v Boulware, 29 NY2d 135, 139 [1971], cert denied 405 US 995 [1972]). For instance, trial courts may require prospective jurors to complete a questionnaire concerning their ability to be fair and impartial (CPL 270.15 [1] [a]). Additionally, a protective order can be issued regulating the disclosure of a prospective juror’s address, if the court determines that bribery, jury tampering, physical injury, or harassment of the jurors is likely (CPL 270.15 [1-a]).[2]
Furthermore, the trial court also has considerable discretion involving Batson challenges. This concerns not only the determination of when a successful Batson challenge has been raised, but also in fashioning the remedy for it. For example, the court has the duty of deciding whether the moving party has established purposeful discrimination (Batson, 476 US at 98). In doing so, the judge’s determination will turn largely on his or her view of the credibility of the party making the challenge (id.). Since this decision is best made by the judge who *420 actually observed the circumstances involved, these conclusions are afforded “great deference” by appellate courts (id. at 98 n 21; see also People v Payne, 88 NY2d 172, 179 [1996]).
This deference to the trial court should also extend to its decision to deny reinstating a peremptory challenge for a subsequent round of voir dire. Since the goal of Batson is the elimination of racial discrimination in jury selection, it is counterproductive to fail to sanction purposeful discrimination in jury selection by forfeiting the disputed challenge (see Batson, 476 US at 86). If the court finds purposeful discrimination, it should permanently disallow the challenge and seat the juror because returning the party to its original position would not deter subsequent discriminatory strikes. Accordingly, since the court’s goal is to eliminate discrimination, refusing to reinstate the peremptory challenge for a later round is not only appropriate, but necessary.
Furthermore, denying reinstatement of the challenge is good public policy because the discriminatory use of peremptory challenges damages the integrity and fairness of the criminal justice system. In making the initial improper challenges, the party has violated the civil rights of the potential juror and, in some circumstances, the defendant (Batson, 476 US at 85-86). To allow reinstatement of that challenge would be wholly inconsistent with the court’s objective of deterrence.
After examining all of the relevant factors, this court holds that it has the authority to disallow the reinstatement of a peremptory challenge for later rounds of voir dire. Accordingly, motions made by each counsel that the peremptory challenges be reinstated are denied.[3]

. The defense made a similar request after the court restored jurors challenged in the second round of voir dire.

. The trial court’s discretion extends beyond the above-mentioned examples (see CPL 270.15).

. The trial resulted in a hung jury.