**UNITED STATES of America,**
**Appellee,**

v.

**Rolando ALEMAN, Defendant,**

**Francisco Rosario, Defendant–
Appellant.**

No. 01–1130–cr.

United States Court of Appeals,
Second Circuit.

Aug. 30, 2007.

Raymond R. Granger & Richard Ware Levitt, New York, NY, for Defendant–Appellant.

Barbara D. Underwood, Chief Assistant United States Attorney (Richard T. Faughnan, of counsel), for Rosslyn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present: Hon. RICHARD J. CARDAMONE, and Hon. ROSEMARY S. POOLER,* Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Francisco Rosario ("Rosario") reinstates his appeal of a judgment of conviction of the district court, entered on February 28, 2001 after a jury found him guilty of one count of conspiracy to make false statements and one count of making a materially false statement to federal authorities. 18 U.S.C. §§ 371, 1001. This court retained jurisdiction over this appeal pursuant to an earlier order remanding for fact finding on the issue of the government's purported violation of an immunity agreement, which order referred to this court's procedure for reinstatement of an appeal before the panel to which the appeal had originally been assigned. *United States v. Aleman,* 286 F.3d 86, 91–92 (2d Cir.2002) (citing *United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994)).

Upon remand, the district court found that no immunity agreement had existed, and even if it had, "[Rosario] would not be entitled to immunity for lies ... because [the district court] finds that he deliberately did not tell the truth" after the purported immunity agreement was executed. *United States v. Rosario,* 237 F.Supp.2d 242, 258 (E.D.N.Y.2002) (Raggi, *J.,* sitting by designation). Accordingly, this court now must turn to the issues that remain.[1] We assume the parties' familiarity with the details pertaining to the facts, the procedural history of the case, and the specification of issues on appeal.

■ Rosario's first argument is that during the third phase of a *Batson*[2] analysis—initiated by the government's objection to a purportedly suspicious pattern of peremptory strikes—the district court failed to make an explicit finding of fact on the issue of trial counsel's lack of credibility after he stated reasons that the court ultimately found to be pretextual. This argument is without merit. In essence, Rosario contends that the judge failed to describe trial counsel's reasons as "incredible" when noting that "these three challenges [made by his trial counsel] were pretextual." However, in the context of a *Batson* motion, a finding that a reason advanced by an attorney is pretextual is tantamount to noting that counsel was not credible when offering a benign rationale for the exercise of the disputed peremptory challenges.

The conclusion that Rosario's trial counsel was incredible follows logically from the premise that his reasons were found to be pretextual: it is impossible for a district court to credit the testimony of an attorney as to his or her reasons for exercising a challenge and then to find the stated

---

* The Honorable James L. Oakes, Circuit Judge, was a member of the panel who heard this case, but he has since retired.

1. Rosario has indicated in a letter, dated September 14, 2004, that he does not appeal any issues resolved by the district court on remand.

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

reason to be a pretext. When a district court finds that the reason was merely a pretext, it has—by definition—found the stated reason to be incredible. The district court may have spoken in a tactful manner so as not to embarrass counsel—and to soften the blow of a finding of invidious racial motivation.

Accordingly, this court will not require a district court to first say "you are incredible" or "you lied about your racist purpose" before finding that "the reason you advanced for the strike was a mere pretext," as "the law does not compel a ritual of words," *United States v. Purvis*, 580 F.2d 853, 857 (5th Cir.1978). This court has noted repeatedly, and in numerous different contexts, that we will not impose the requirements of "ritualistic incantation" on district courts. *See, e.g., Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 354 (2d Cir.1993); *United States v. Alessi*, 638 F.2d 466, 476 (2d Cir.1980).

■ The trial court's finding that Rosario's counsel's explanation was pretextual is tantamount to a determination that such explanation was not credible. *See Barnes v. Anderson*, 202 F.3d 150, 156 (2d Cir.1999). On appeal, we review such finding for clear error. *Id.*; *see also United States v. Biaggi*, 853 F.2d 89, 96 (2d Cir. 1988). Rosario does not argue that the adverse credibility determination against his trial counsel was clearly erroneous, and we do not so find, as there is ample support from the record supporting the conclusion that when challenged about his reasons for striking three black jurors, trial counsel advanced pretexts—i.e., that he did not tell the truth about his actual motivations, and that what he said was not credible. Accordingly, there is no reason to disturb the district court's findings.

■ Rosario's next argument relates to the remedy imposed after the district court granted the government's *Batson* motion. First, he argues that it was error to rule that the peremptory strikes, which his trial counsel had used in violation of the Fourteenth Amendment against black jurors, were forfeited. In his letter brief responding to this court's order of February 23, 2005, which "t[ook] the opportunity to provide supplementary authority," Rosario states that "[w]e are not aware of any recent cases addressing whether a party forfeits peremptory challenges that have been previously exercised but disallowed under *Batson*". However, several recent cases address this issue, none of which are favorable to Rosario's position.

In *Peetz v. State*, a Texas court addressed this question in a succinct and straightforward manner:

> To hold that courts must restore the misused peremptory strikes is not only against the purpose of *Batson*, but also logically unsound. The United States Supreme Court sought to fulfill the purpose of the Fourteenth Amendment in guaranteeing equal protection by eliminating race as an acceptable factor in jury selection. Were we to accept appellant's rule, we would undermine *Batson*, for there would be no consequence for racially-motivated strikes. If a trial court refuses to restore misused strikes, litigants truly face a consequence and are less likely to engage in improper, racially-motivated behavior. Such a remedy, though not required, is acceptable.

> In short, appellant exercised his three strikes, the court invalidated two of them, and appellant must cope with losing his race-based gamble. The effect of a successful *Batson* challenge always has been that the party exercising the strikes does not enjoy the benefit of those strikes.

180 S.W.3d 755, 761 (Tex.App.2005). A New York court held similarly, for substantially the same reasons:

> Since the goal of *Batson* is the elimination of racial discrimination in jury selection, it is counterproductive to fail to sanction purposeful discrimination in jury selection by forfeiting the disputed challenge.... Furthermore, denying reinstatement of the challenge is good public policy because the discriminatory use of peremptory challenges damages the integrity and fairness of the criminal justice system. In making the initial improper challenges, the party has violated the civil rights of the potential juror.... To allow reinstatement of that challenge would be wholly inconsistent with the court's objective of deterrence.

*People v. Johnson,* 196 Misc.2d 417, 765 N.Y.S.2d 199, 201 (Sup.Ct.2003).

We agree, and note that it is clear that this response is entirely in keeping with both the goal of *Batson* and its clear statement that trial courts retain broad discretion to fashion an appropriate remedy for a violation of its rule, *see Batson,* 476 U.S. at 99 n. 24, 106 S.Ct. 1712—a principle that this court has also repeatedly reaffirmed in various contexts. *See, e.g., McCrory v. Henderson,* 82 F.3d 1243, 1247 (2d Cir. 1996); *cf. United States v. Taylor,* 92 F.3d 1313, 1324 (2d Cir.1996) (noting that "[w]e do not minimize the importance ... of removing the possibility of racial bias on the jury. How best to do that, however, is primarily left to the broad discretion of the

district court"); *see also United States v. Torres,* 128 F.3d 38, 44 (2d Cir.1997) (holding that "the trial judge has this broad discretion because a finding of actual bias is based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province") (internal citation and quotation marks omitted). Analogously, the Supreme Court held in *United States v. Martinez–Salazar,* 528 U.S. 304, 315–17, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), that a defendant is not denied the exercise of peremptory challenges pursuant to Rule 24(b) when she elects to use a challenge to remove a juror who should have been removed for cause.

■ Rosario also argues that the district court committed an error of law in failing to exercise its discretion when imposing that remedy, owing to the district court's purported mistaken belief that forfeiture of the strikes was mandatory. This argument in the alternative is also unavailing. The entire basis for Rosario's assumption that the district court did not understand the permissible boundaries of its discretion—which is clearly in tension with this court's usual presumption[3] that the district court does understand these boundaries—is the oral statement of the district judge. When asked to restore the forfeited challenges, the judge said: "No you can't [have them back], the law is clear, otherwise you keep doing it."

We are not persuaded by Rosario's speculative interpretation of this statement as evidence that the district believed that it was required, as a matter of law, to rule

---

**3.** In reviewing a trial court's exercise of judicial discretion, "our context is that of experienced district judges, familiar with both the substantive content of relevant law and procedural requirements, who face the daunting task of administering heavy caseloads." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). Against this backdrop, we often accord district courts a presumption that they

comprehend the scope of their discretion. *See, e.g., id.* (assuming that sentencing judge has considered relevant matters absent evidence to the contrary); *United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996) (per curiam) (applying presumption that judge understands authority to depart, which is overcome only in rare situations).

that the peremptory strikes were forfeited. Indeed, the notion that the judge said "the law is clear" to indicate that he had no discretion would render superfluous what the district judge said with his next breath—a statement that provided a rationale for the ruling.

The district court's statement that the "law is clear" does not provide any grounds to surmise that it misunderstood the law at issue. The better reading of these words, in our view, is that the district court recognized that the law unambiguously afforded it discretion to choose a remedy in accordance with the well-established purpose behind the *Batson* rule. The district court's concise statement of the rationale underlying its remedy—"otherwise you keep doing it"—further suggests that it elected not to reinstate the peremptory challenges for a reason no different that that explained in written detail by the Texas court in *Peetz*.

Lastly, Rosario argues that when the district court ruled that he may not specifically refer to the jury charge in his summation, it abused its discretion. However, any error committed by the District Court with respect to the summation did not prejudice Rosario. *See United States v. James*, 239 F.3d 120, 124–25 (2d Cir.2000) (holding that a violation of Rule 30 warrants reversal only if the defendant can show he was substantially misled in forming his arguments or otherwise prejudiced).

We have considered all of Rosario's arguments and we find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.