■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. THOMPSON, Appellant. [847 NYS2d 114]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered June 8, 2004, convicting him of grand larceny in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly rejected the defendant's argument that the indictment was barred by the statute of limitations (*see* CPL 30.10 [2] [b]), since he failed to make a timely motion to dismiss the indictment (*see* CPL 255.10 [1]; 255.20 [1]; *People v Bones,* 17 AD3d 689, 691 [2005]), and in any event, the argument was without merit (*see People v Rosich,* 170 AD2d 703 [1991]).

The County Court properly granted the People's unopposed application to take the then-96-year-old complainant's testimony at a conditional examination (*see* CPL 660.10 *et seq.*). Moreover, the Supreme Court properly admitted into evidence the videotape and transcript of the witness's testimony, including the defendant's lengthy cross-examination (*see* CPL 670.10 [1]; 670.20 [1]).

The defendant's *Batson* challenge (*see Batson v Kentucky,* 476 US 79 [1986]) was properly denied. The reasons proffered by the prosecutor for the questioned peremptory challenges were race-neutral. The defendant failed to carry his ultimate burden of demonstrating discrimination by showing that these reasons were pretextual (*see People v Wells,* 7 NY3d 51, 58 [2006]; *People v Smocum,* 99 NY2d 418, 422 [2003]; *People v Allen,* 86 NY2d 101, 104, 110 [1995]).

The County Court providently exercised its discretion in time-limiting the defense counsel's jury voir dire, since he was provided a fair opportunity to ask relevant and material questions (*see* CPL 270.15 [1] [c]; *People v Jean,* 75 NY2d 744, 745 [1989]; *People v Wheeler,* 268 AD2d 448, 449 [2000]).

Contrary to the defendant's contention, the prosecutor's summation comments were, for the most part, proper (*see People v Russo,* 201 AD2d 512, 513 [1994], *affd* 85 NY2d 872 [1995]). In any event, the allegedly improper comments constituted harmless error (*see People v Crimmins,* 36 NY2d 230, 242 [1975]).

The defendant's argument alleging ineffective assistance of counsel is without merit (*see People v Baldi,* 54 NY2d 137, 151-152 [1981]).

The sentence imposed was not excessive (*see People v Thompson,* 60 NY2d 513, 519 [1983]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.