THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL RUSSELL BOOKER, Appellant. [854 NYS2d 430]—

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials, as the statements were made after the intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), and were not the product of coercion (*see People v Cooper*, 36 AD3d 828 [2007]; *People v Miles*, 276 AD2d 566, 567 [2000]). Moreover, there is no merit to the defendant's claim, made in his supplemental pro se brief, that his statements should have been suppressed because he was intoxicated (*see People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *People v Benjamin*, 17 AD3d 688, 689 [2005]). Additionally, the defendant's claim that his statements were the fruit of an illegal arrest is unpreserved for appellate review (*see People v Rogers*, 245 AD2d 395, 396 [1997]; *People v Clink*, 143 AD2d 838, 839 [1988]), and, in any event, is without merit, as the police had probable cause to arrest him (*see People v Savage*, 29 AD3d 1022, 1023 [2006]; *People v Clarke*, 13 AD3d 551, 552 [2004]; *People v Butler*, 175 AD2d 252, 253 [1991]).

The defendant's challenge to the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The court properly balanced the probative value of the defen-

dant's prior crimes on the issue of his credibility and the possible prejudice to him, and avoided any undue prejudice by precluding the prosecutor from eliciting the underlying facts of the prior convictions (*id.* at 377; *see People v McNair*, 45 AD3d 872 [2007]; *People v Williams*, 292 AD2d 474, 475 [2002]; *People v McBride*, 255 AD2d 459, 460 [1998]).

During jury selection, the defendant raised two *Batson* challenges (*see Batson v Kentucky*, 476 US 79 [1986]). With respect to his first challenge, the defendant did not address the merits of the prosecution's facially race-neutral explanation. Accordingly, his contention that the explanation was pretextual is unpreserved for appellate review (*see People v Harris*, 294 AD2d 375 [2002]; *People v West*, 281 AD2d 647 [2001]). In any event, the defendant's first challenge was properly denied because he failed to satisfy his burden of demonstrating, under the third prong of the *Batson* test, that the facially race-neutral explanation given by the prosecutor was a pretext for racial discrimination (*see People v Thompson*, 34 AD3d 852, 853 [2006]). The defendant's second *Batson* challenge was properly denied, since he failed to make the requisite prima facie showing of discrimination (*see People v Harrison*, 272 AD2d 554 [2000]; *People v Jeffreys*, 258 AD2d 474, 475 [1999]; *see also People v Rodriguez*, 220 AD2d 208, 209 [1995]).

The defendant's challenge to the legal sufficiency of the evidence with respect to the count of felony murder and the two counts of attempted robbery in the first degree, as set forth in both his main and supplemental pro se briefs, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oates*, 33 AD3d 823 [2006]; *People v Jones* 309 AD2d 819, 819-820 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of all counts beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the court properly admitted photographs depicting the crime scene and the palm of his hand into evidence (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Allan*, 41 AD3d 727, 727-728 [2007]; *People v Sierra*, 215 AD2d 788, 788-789 [1995]).

The defendant's contention that the trial court should have instructed the jury that a key witness was an accomplice as a matter of law, and that her testimony accordingly required corroboration, is unpreserved for appellate review (*see* CPL 470.05

[2]; *People v Napolitano*, 215 AD2d 782 [1995]; *People v Durio*, 175 AD2d 842, 844 [1991]). In any event, this contention is without merit.

The trial court did not err in failing to inquire of a juror if he slept during portions of the summations. Although defense counsel reported that the juror appeared to be sleeping during his summation, the court noted that it believed that the juror had not been sleeping. As the court had the benefit of its own observations, further inquiry was not required (*see People v Lennon*, 37 AD3d 853, 854 [2007]; *People v McIntyre*, 193 AD2d 626 [1993]).

Portions of the defendant's claim of ineffective assistance of counsel, raised in his supplemental pro se brief, are based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Kadry*, 30 AD3d 440 [2006]; *People v Wingate*, 297 AD2d 761, 762 [2002]). To the extent that this claim can be reviewed, the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Mejias*, 278 AD2d 249 [2000]). Mastro, J.P., Covello, Eng and Belen, JJ., concur.