10 N.Y.3d 499 (2008)
890 N.E.2d 214
860 N.Y.S.2d 452
THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v.
RUBEN LUCIANO, Respondent.
Court of Appeals of the State of New York.
Argued April 17, 2008.
Decided June 3, 2008.
*500 Robert T. Johnson, District Attorney, Bronx (Jennifer Marinaccio, Joseph N. Ferdenzi and Stanley R. Kaplan of counsel), for appellant.
Center for Appellate Litigation, New York City (Peter Theis and Robert S. Dean of counsel), for respondent.
Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

*501 OPINION OF THE COURT
Chief Judge KAYE.
When a litigant peremptorily challenges two potential jurors in a discriminatory manner, does a trial judge have discretion to remedy that constitutional violation by (in addition to seating the two individuals) requiring the litigant to forfeit those improperly exercised challenges? We conclude that trial judges do have that discretion, but that no such discretion was exercised here in ordering forfeiture, and we therefore affirm the Appellate Division order directing a new trial.

Background
On December 16, 2002, defendant Ruben Luciano allegedly confronted and shot Angel Rodriguez at Rodriguez's place of employment, injuring his hip. On January 3, 2003 a Bronx County grand jury charged him with attempted murder, assault and criminal possession of a weapon.
Jury selection commenced in March 2004 with an initial venire of 16 potential jurors. During voir dire, defense counsel asked two questions pertinent to this appeal. First, he asked whether a witness is more likely to tell the truth after taking an oath. Second, he asked whether the panelists had formed an opinion as to defendant's guilt before the presentation of evidence. After the court rejected the People's challenge for cause, defense counsel challenged every potential juror who answered "yes" to the oath question and "I don't know" to the guilt question. The Judge denied both applications.
The Judge then invited the People to exercise peremptory challenges. The People struck four panelists without objection, leaving five women and five men. Defense counsel exercised eight peremptory challenges, striking all five remaining women and three men. In response to defense counsel's strike of every woman, the People raised a Batson challenge and the trial court required counsel to proffer a gender-neutral reason for each of those challenges. The court accepted defense counsel's gender-neutral explanations for only three, concluding that as to two the explanations were pretextual and the strikes discriminatory.
The Judge seated the two women and prohibited defense counsel from reusing those peremptories. When defense counsel attempted to prove his good faith by offering to strike one of the *502 male panelists on the same ground, the Judge truncated his efforts and said, "You don't get the benefit for exercising strikes [in] a discriminatory manner . . . That's the law." Defense counsel later renewed his objection, asking "Why is it that I am penalized those two strikes which I have not [been allowed to make?]" The Judge responded, "Because you misstated the law. The law is that if you exercise the strikes [on a discriminatory basis] you forfeit those rights." Defense counsel exhausted his remaining peremptories just before a full panel of jurors was selected.
Defendant was convicted of criminal possession of a weapon in the second degree and assault in the second degree, and sentenced as a second felony offender to concurrent sentences of 15 years and 7 years, respectively. He appealed his conviction on several grounds, but the Appellate Division reached only one. Without passing on the merits of the Batson ruling, a unanimous First Department concluded that forfeiting two of defendant's peremptory challenges violated the mandate of CPL 270.25 (2) that each party "must be allowed" the statutorily prescribed number of challenges. Because the practical effect of the trial judge's ruling improperly denied defendant the requisite number of peremptory challenges, the court reversed his conviction and ordered a new trial. We now affirm, but on different grounds.

Analysis
From "earliest times the right of peremptory challenge was the privilege of the accused" (People v McQuade, 110 NY 284, 293 [1888]; see People v Thompson, 79 AD2d 87, 97 [2d Dept 1981]). Though not a trial tool of constitutional magnitude, peremptory challenges are a mainstay in a litigant's strategic arsenal. Today this right is protected by the Criminal Procedure Law, which provides that each party "must be allowed" an equal number of peremptory challenges and that a court "must exclude" any juror challenged (CPL 270.25 [1], [2]).
Until 1986, litigants could challenge a potential juror for any or no reason at all. In that year, the United States Supreme Court held that a prosecutor's exercise of peremptory challenges to excuse jurors solely on the basis of race violated the Equal Protection Clause of the United States Constitution (Batson v Kentucky, 476 US 79 [1986]). In the years since Batson this Court has adopted that rule under our own Constitution and extended it to discriminatory practices by defense counselin *503 effect, reverse Batson challengeson the basis of race, gender or any other status that implicates equal protection concerns (see People v Kern, 75 NY2d 638 [1990]; People v Allen, 86 NY2d 101 [1995]).
It is, moreover, now well settled that a trial court must engage in a three-step process to determine whether a peremptory challenge has been exercised in a discriminatory manner. First, one party must allege a prima facie case of discrimination by opposing counsel. If sufficiently stated, the accused party must set forth a neutral reason for each challenged strike. Finally, the trial court must determine whether the proffered reasons are mere pretext masking a discriminatory intent (Allen, 86 NY2d at 104).
The novel question we confront today is how to remedy an established incident of discrimination. More specifically, we must determine whether forfeiting peremptory challenges used in a discriminatory manner is a permissible remedy. On this issue of first impressionexpressly reserved to the states by the Supreme Court[*]we hold that it is.
We begin, as always, with the statute. Criminal Procedure Law § 270.25 (1) provides that a peremptory challenge is an "objection to a prospective juror for which no reason need be assigned." The statute mandates that each party "must be allowed" the requisite number of peremptory challenges and that the court "must exclude" each juror so challenged. Defendant asserts, and the Appellate Division held, that this language prohibits the forfeiture remedy because the practical effect would be to deprive a litigant of the statutorily mandated number of peremptory challenges. We disagree.
CPL 270.25 predates Batson and codifies an outdated theory of peremptory challenges because it perceives no circumstance where their exercise must be explainedand that, most certainly, is no longer the law. To strictly construe the language *504 of the statute would by definition violate Batson. While it is true that a litigant need not ascribe a reason for most peremptory challenges, a race-neutral or gender-neutral reason must be proffered once a prima facie case of discrimination has been charged. What seems like a statutory mandate therefore must be read in the light Batson and the constitutional limits have, since the statute's inception, placed on peremptory challenges. The statutory language alone neither requires, nor bars, the forfeiture remedy.
Defendant adds that the forfeiture remedy is inconsistent with other cases from this Court strictly construing the number of peremptory challenges required by CPL 270.25, citing People v McGee (76 NY2d 764 [1990]). Not so. In McGee, the trial court erred in preemptively reducing the number of peremptory challenges based on the class of the crime submitted to the jury as opposed to the class of crime listed in the indictment (id. at 766). Here, forfeiture does not violate the plain language of the statute because each party began with the proper number of peremptory challenges and exercised the same number of peremptory challenges. The statute makes no promise of permitting litigants to re-use challenges improperly exercised in the first instance.
Having determined that forfeiture is neither required nor prohibited by the Criminal Procedure Law, we next consider whether it is a permissible remedy to be exercised in a trial judge's discretion. To do so requires a balancing of two competing intereststhe tradition of exercising peremptory challenges without explanation, and a potential juror's right to be free of discrimination.
Peremptory challenges remain a useful trial tool for litigants, especially the accused. Indeed, in People v McQuade the Court referred to the right of peremptory challenge given to the accused person as "a substantial right" and enforced it by strictly construing the statutory language prescribing the order in which peremptory challenges should be exercisedfirst by the prosecution, then by the defendantwithout exception (110 NY at 292-293; see also People v Williams, 26 NY2d 62 [1970]). Over time, however, this right also has been the subject of limitation and criticism (Allen, 86 NY2d at 109 n 2; People v Bolling, 79 NY2d 317, 326 [1992, Bellacosa, J., concurring]). Batson itself recognized a third party's interest in the jury selection processthat of the potential juror denied the opportunity to serve because of discrimination. It is this interest that tilts *505 the scales toward permitting the forfeiture remedy, in the discretion of the trial courts.
"[D]iscrimination in the selection of juries harms the excluded juror by denying this opportunity to participate in the administration of justice, and it harms society by impairing the integrity of the criminal trial process" (Kern, 75 NY2d at 652 [citations omitted]). Forfeiture furthers these interests by deterring discriminatory conduct. "The purpose of the Batson rule is to eliminate discrimination, not minimize it . . . ." (Bolling, 79 NY2d at 321.) Precluding forfeiture as a remedy offers no deterrent effect. Rather, disallowing forfeiture may be seen as indifference to discriminatory challenges; if caught, the litigant would be in the same position as if there had been no Batson violation.
Vesting the trial court with discretion to utilize this remedy is consistent with the Batson inquiry, which vests the trial judge with broad discretion to determine the parties' credibility. Once that discretion has been exercised, a trial judge's determination is entitled to "great deference" (People v Hernandez, 75 NY2d 350, 356 [1990]).
In fact, in People v Hameed, this Court encouraged a trial judge's exercise of discretion in the manner of conducting a postjudgment Batson remittal hearing and declined to impose specific procedural requirements, like cross-examination (88 NY2d 232 [1996]). As we observed, "the actual conduct of the inquiry has been placed within the sound discretion and molding of the trial courts, as long as the substantive principles are satisfied" such that proper measures "suitable to a particular case and circumstance[ ]" can be enforced (id. at 237, 239 [citations omitted]). Where the trial judge has discretion to make the substantive Batson determination, we see no reason to curtail the exercise of that discretion in fashioning the remedy. Forfeiture promotes the spirit of Batson, signaling to litigants and to the jurythat discrimination will not be tolerated.
Courts from other jurisdictionsin addition to at least one trial court in this state (see People v Johnson, 196 Misc 2d 417 [Sup Ct, Kings County 2003])have permitted the forfeiture remedy in certain circumstances. In a recent unpublished decision, the United States Court of Appeals for the Second Circuit affirmed a District Court judge's decision to forfeit defense counsel's improperly exercised peremptory challenges reasoning that the remedy "is entirely in keeping with both the goal of *506 Batson and its clear statement that trial courts retain broad discretion to fashion an appropriate remedy for a violation of its rule" (United States v Aleman, 246 Fed Appx 731, 735 [2d Cir 2007]). In Texas, the court permitted forfeiture, noting that the remedy imposes an appropriate consequence on the offending party (Peetz v State, 180 SW3d 755 [Tex Ct App 2005]).
In holding that forfeiture is a permissible remedy, we note that the free exercise of peremptory challenges is a venerable trial tool that should be denied only in rare circumstances. In fashioning the proper remedy, a trial judge may consider, among other factors, whether the challenged juror is available to be reseated, whether the litigant appears to be engaging in a pattern of discrimination, and the number of peremptory challenges that remain to be exercised. While even a single instance of discriminatory conduct may warrant forfeiture, where the finding of discrimination is close, forfeiture may not be an appropriate remedy (see e.g. United States v Ramirez-Martinez, 273 F3d 903 [9th Cir 2001], overruled on other grounds by United States v Lopez, 484 F3d 1186 [9th Cir 2007]).
Here, defendant is entitled to a new trial because the trial judge was under a misapprehension that the law required forfeiture and failed to exercise the requisite discretion. As the court stated, "The law is that if you exercise the strikes and you determine them to [have been made] on a[ ] discriminatory basis, you forfeit those rights." As a result, defense counsel exhausted his peremptory challenges before the completion of jury selection. This is reversible error, entitling defendant to a new trial. In so holding, we reach no conclusion as to whether there was indeed a Batson violation or whether forfeiture would have been a proper remedy had discretion been exercised.
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed.
NOTES
[*] As Justice Powell observed in his opinion for the Court in Batson, "In light of the variety of jury selection practices followed in our state and federal trial courts, we make no attempt to instruct these courts how best to implement our holding today. For the same reason, we express no view on whether it is more appropriate in a particular case, upon a finding of discrimination against black jurors, for the trial court to discharge the venire and select a new jury from a panel not previously associated with the case, or to disallow the discriminatory challenges and resume selection with the improperly challenged jurors reinstated on the venire" (Batson, 476 US at 99 n 24 [citation omitted]).