■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS REID, Appellant. [869 NYS2d 183]—

During jury selection, the defendant raised *Batson* challenges with respect to the prosecutor's use of peremptory challenges to strike three black prospective jurors (*see Batson v Kentucky,* 476 US 79 [1986]). A *Batson* challenge involves a three-step analysis. First, the defendant is required to establish a prima facie case of discrimination (*see Hernandez v New York,* 500 US 352, 358-359 [1991]; *People v Luciano,* 10 NY3d 499 [2008]; *People v Allen,* 86 NY2d 101, 109 [1995]). If that burden is met, the prosecutor must set forth a neutral reason for the challenged strike (*see People v Allen,* 86 NY2d at 109). "When defendant challenges as pretextual the People's explanation as to a particular juror, the inquiry has become factual in nature and moves to step three" (*People v Allen,* 86 NY2d at 110; *see People v James,* 99 NY2d 264, 271 [2002]). In step three, the trial court resolves the factual dispute of whether the prosecutor intended to discriminate (*see People v James,* 99 NY2d 264, 271 [2002]; *People v Allen,* 86 NY2d at 110). If the court concludes that a proffered reason is pretextual, a defendant has met his or her burden of proving intentional discrimination (*see People v Allen,* 86 NY2d at 110).

The court properly denied the defendant's first *Batson* challenge because the defendant failed to meet his burden of demonstrating a prima facie case of discrimination (*see People v*

*Booker*, 49 AD3d 658, 659 [2008]; *People v Severino*, 44 AD3d 1077, 1078 [2007]; *People v Lassiter*, 44 AD3d 877, 877-878 [2007]; *People v London*, 38 AD3d 570, 571 [2007]). The defendant's claim that the court should have revisited that first *Batson* challenge when confronted with the subsequent *Batson* challenges is unpreserved for appellate review (*see People v Booker*, 49 AD3d at 659; *People v Thompson*, 34 AD3d 852, 853 [2006]) and, in any event, without merit.

The court properly denied the defendant's second *Batson* challenge because, after the prosecutor provided a neutral reason for the strike, the defendant failed to meet his burden of establishing, under the third prong of *Batson*, that the reason was pretextual (*see People v Booker*, 49 AD3d at 659; *People v Thompson*, 45 AD3d 876, 877 [2007]; *People v Thompson*, 34 AD3d at 853). The defendant's contention that the court deprived him of an opportunity to respond to the prosecutor's explanation is without merit.

The court properly denied the defendant's third *Batson* challenge. When the prosecutor proffered a neutral reason for the strike, the defendant failed to show that the reason was pretextual (*see People v Booker*, 49 AD3d at 659; *People v Thompson*, 45 AD3d at 877; *People v Thompson*, 34 AD3d at 853). Contrary to the defendant's contention, the court did not meld steps two and three of the *Batson* inquiry. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.