Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 25, 2006, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. By decision and order of this Court dated June 2, 2009, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant’s challenge to the prosecutor’s exercise of peremptory challenges to three black male venirepersons (see People v Jones, 63 AD3d 758 [2009]). The Supreme Court has filed its report. Justice Fisher has been substituted for former Justice Spolzino (see 22 NYCRR 670.1 [c]).
Ordered that the judgment is affirmed.
An objection pursuant to Batson v Kentucky (476 US 79 [1986]) involves a three-step analysis. First, the objecting party must establish a prima facie case of discrimination in the prosecutor’s exercise of peremptory challenges to prospective jurors (see Hernandez v New York, 500 US 352, 358-359 [1991]; People v Luciano, 10 NY3d 499, 503 [2008]; People v Allen, 86 NY2d 101, 109 [1995]; People v Reid, 57 AD3d 695 [2008]). If that burden is met, in step two the prosecutor must set forth a neutral reason for the peremptory challenges (see People v Allen, 86 NY2d at 109; People v Reid, 57 AD3d 695 [2008]). “When defendant challenges as pretextual the People’s explanation as to a particular juror, the inquiry has become factual in nature and moves to step three” (People v Allen, 86 NY2d at 110; see People v James, 99 NY2d 264, 271 [2002]). In step three, the trial court resolves the factual dispute of whether the prosecutor impermissibly discriminated in the exercise of the challenge (see People v James, 99 NY2d at 271; People v Allen, 86 NY2d at 110). If the trial court concludes that a proffered reason is pretextual, the defendant has met his or her burden of proving intentional discrimination (see People v Allen, 86 NY2d at 110).
*717 Upon remittal, the Supreme Court properly concluded that the defendant’s Batson challenge was without merit by virtue of the race-neutral explanations offered by the prosecutor for the three peremptory challenges at issue, and the defendant’s failure to carry his burden of proving that the explanations were pretextual (see People v Reid, 57 AD3d at 696; People v Booker, 49 AD3d 658, 659 [2008]).
“[A] prosecutor’s summation must be examined in the context of the arguments advanced by the defendant, and an argument is fair if it is responsive to arguments and issues raised by the defense” (People v Scoon, 303 AD2d 525, 525 [2003]; see People v Ahmed, 40 AD3d 869 [2007]). Counsel, in summation, may “comment upon eveiy pertinent matter of fact bearing upon the questions the jury have to decide” (People v Ashwal, 39 NY2d 105, 109 [1976] [internal quotation marks omitted]; see People v Dorsette, 47 AD3d 728 [2008]). Here, there is no merit to the defendant’s challenge to the prosecutor’s comment during summation that the police did not want to get involved in a “fire fight” in a residential neighborhood. In light of the evidence that the police believed that the defendant was armed, that he ran from the police when approached, and was apprehended in a residential backyard, the comment was not improper.
The remainder of the defendant’s challenges to remarks made by the prosecution in summation are unpreserved for appellate review because the remarks either were not objected to or were the subject of only general objections (see People v Baskerville, 57 AD3d 911, 911 [2008]; People v Dorsette, 47 AD3d 728 [2008]; People v Ahmed, 40 AD3d 869 [2007]). In any event, the remarks constituted either fair response to the defense summation or fair comment on the evidence (see People v Ashwal, 39 NY2d 105 [1976]; People v Watts, 58 AD3d 647, 648 [2009]; People v Dorsette, 47 AD3d 728 [2008]; People v Ahmed, 40 AD3d 869 [2007]).
Finally, the defendant’s contention that the prosecutor transformed himself into a witness during summation by performing a physical demonstration for the jury is unpreserved for appellate review. In any event, the record does not support the defendant’s contention that a physical demonstration was in fact performed. Fisher, J.P., Santucci, Angiolillo and Eng, JJ., concur.