■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN CAJIGAS, Appellant. [918 NYS2d 463]—

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]), in which he asserted the prosecutor discriminated against male panelists. Defendant's claim that the court improperly applied the step two standard of gender neutrality at step three, where the issue is pretextuality, is unpreserved (*see e.g. People v Jenkins*, 302 AD2d 247, 248 [2003], *lv denied* 100 NY2d 583 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see People v Hameed*, 88 NY2d 232, 237 [1996], *cert denied* 519 US 1065 [1997]). Regardless of whether "the court may have used the wrong nomenclature in describing its step-three ruling" (*People v Washington*, 56 AD3d 258, 259 [2008], *lv denied* 11 NY3d 931 [2009]), it implicitly credited the prosecutor's explanations and concluded that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is supported by the record and is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]).

Defendant challenges the sufficiency and weight of the evidence supporting the attempted burglary conviction, with respect to the element of criminal intent. We reject those challenges (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant engaged in a pattern of violent and hostile conduct toward the victim, his former girlfriend, both before and after she obtained an order of protection barring defendant from any contact with her. The evidence establishes that when defendant attempted to enter the victim's apartment he did so with intent to commit a crime other than the unlawful entry itself. When an order of protection is in effect, the unlawful entry itself cannot be used as the sole predicate crime to establish the intent element of burglary; however, the intent element will be satisfied if the defendant entered the premises with the intent to violate another provision of the order of protection, distinct from the trespass (*People v Lewis*, 5 NY3d 546, 551-552 [2005]). Here, the evidence permitted the inference that, beyond the attempted unlawful entry, defendant intended to violate the provision of the order requiring that he stay away from the victim, or intended to engage in other conduct prohibited by the order (*see People v Carpio*, 39 AD3d 433 [2007], *lv denied* 9 NY3d 873 [2007]). In any event, the totality of the evidence, including defendant's past conduct toward the victim, also permitted the jury to infer that he attempted to enter the apartment for the purpose of assaulting her or committing some other act that was criminal even without the order of protection.

The court's main charge and supplemental charges properly instructed the jury that intending to trespass, without more, would not establish the criminal intent element of second-degree burglary, but that the jury also had to determine that defendant intended to commit a crime inside the apartment, which could include violating another provision of the order of protection (*see Lewis*, 5 NY3d at 552). The court correctly declined to charge that the criminal intent element could not be satisfied by an intent to commit an act that would be innocuous if the order of protection did not prohibit it. We find nothing in *Lewis* that would require such an instruction. Concur—Gonzalez, P.J., Tom, Acosta, Richter and Román, JJ.