Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered November 18, 2010, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is modified, on the facts, by reducing the defendant’s conviction of burglary in the third degree to criminal trespass in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for sentencing on the conviction of criminal trespass in the third degree.
On October 28, 2009, the then-55-year-old defendant, who purported to be homeless, was discovered at approximately 11:00 a.m. in the detached garage of the complainant’s home. It had rained the previous night, as well as earlier that morning. When confronted by the complainant, the defendant apologized, ran out of the garage, and fled on his bicycle. The complainant called 911, and shortly thereafter a police officer arrested the *683 defendant a few blocks from the complainant’s home. At trial, through defense counsel’s summation, the defendant conceded that he knowingly entered the complainant’s garage without permission to do so, but maintained that he did not intend to steal anything and was only seeking shelter from the rain.
The defendant was charged with burglary in the third degree and the lesser-included offense of criminal trespass in the third degree. At trial, the complainant testified that a miter saw in the garage had been moved from a work bench to the floor. The arresting officer testified that the defendant initially lied about where he was coming from when he was stopped. Based on this evidence, the jury convicted the defendant of burglary in the third degree.
Here, the complainant’s inconsistent testimony on direct examination that he saw the defendant leaning over the miter saw, and then, on cross-examination, that he saw the defendant in the act of wrapping the power cord around the miter saw, failed to establish that the defendant harbored the requisite criminal intent (see Penal Law § 140.20). Furthermore, the defendant did not attempt to flee when he was stopped by the police and told the officer that he was homeless. Nothing had been taken from the garage, which the complainant had left unlocked, and there were no signs of forced entry or vandalism. Neither burglar’s tools nor stolen property were found in the defendant’s possession, and no credible evidence was presented to negate the defendant’s contention that he entered the unlocked garage in order to seek shelter from the rain.
Upon the exercise of our factual review power (see CPL 470.15), and based upon the foregoing, we agree with the defendant that his conviction was against the weight of the evidence. In conducting our weight-of-the-evidence analysis, we must first determine, based upon the credible evidence, whether a different result would have been unreasonable and, if it would not have been, then we must “ ‘weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]). Applying this standard of review to the proof adduced at the defendant’s trial, we determine that an acquittal on the charge of burglary in the third degree that was submitted to the jury would not have been unreasonable based upon the evidence presented and, moreover, that the jury failed to accord the evidence the weight it should have been accorded (see People v Romero, 7 NY3d 633 [2006]). However, the weight of the credible evidence supports a *684 finding that the defendant committed the lesser-included offense of criminal trespass in the third degree (see Penal Law § 140.10 [a]). Accordingly, the judgment must be modified by reducing the defendant’s conviction of burglary in the third degree to criminal trespass in the third degree (see CPL 470.15 [5]), and vacating the sentence imposed thereon, and the matter must be remitted to the Supreme Court, Nassau County, for sentencing on the conviction of criminal trespass in the third degree (see CPL 470.20 [4]).
The defendant’s Batson argument (see Batson v Kentucky, 476 US 79 [1986]) is without merit (see People v Cajigas, 82 AD3d 544 [2011], lv granted 17 NY3d 814 [2011]; People v Booker, 49 AD3d 658, 659 [2008]).
The defendant’s remaining contentions need not be reached in light of our determination. Dillon, J.P., Leventhal, and Sgroi, JJ., concur.