■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BERRY, Appellant. [755 NYS2d 264] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered October 25, 2000, convicting him of robbery in the second degree, robbery in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the prosecutor's exercise of a peremptory challenge against a male black venireperson, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

During the second round of jury selection, the prosecutor exercised one of his peremptory challenges to excuse a male black venireperson. The defense counsel raised a challenge under *Batson v Kentucky* (476 US 79 [1986]), on the basis that this individual was the only black venireperson examined during the first two rounds of jury selection. The defense counsel argued that the individual was similarly situated to prospective jurors who were not challenged by the prosecutor. The trial court found that the defense counsel had not made out a prima facie case of discrimination, and did not require the prosecutor to provide a race-neutral reason for the challenged peremptory strike.

The defendant sustained his initial burden of raising an inference that the prosecutor used a peremptory challenge to exclude a potential juror because of his race (*see People v Brown,* 97 NY2d 500, 507 [2002]; *People v Childress,* 81 NY2d 263 [1993]; *People v Bolling,* 79 NY2d 317, 323-324 [1992]). Accordingly, the trial court should have required the prosecutor to provide race-neutral reasons for his exercise of the peremptory challenge (*see People v Guzman,* 251 AD2d 680, 681 [1998]). Since the court failed to do so, the matter must be remitted to the Supreme Court, Queens County, to afford the prosecutor an opportunity to offer race-neutral reasons for the challenge.

In light of our determination, no other issue is addressed at this juncture. Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.