■ The People of the State of New York, Respondent, v Darryl Grate, Appellant. [774 NYS2d 803]—Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated November 13, 1989 (*see People v Grate,* 155 AD2d 553 [1989]), affirming a judgment of the County Court, Nassau County, rendered January 30, 1986, on the ground of ineffective assistance of appellate counsel. By decision and order of this Court dated December 23, 2002 [300 AD2d 600], inter alia, the application was held in abeyance and the appellant was granted leave to serve and file a brief on the issue of whether he was deprived of his rights pursuant to *Batson v Kentucky* (476 US 79 [1986]). The parties have now filed their respective briefs.

Ordered that the matter is remitted to the County Court,

Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges against black prospective jurors, and the application is held in abeyance in the interim. The County Court, Nassau County, shall file its report with all convenient speed.

During jury selection, the defendant made a prima facie showing of purposeful discrimination by the prosecutor in his exercise of peremptory challenges against several black prospective jurors, and therefore is entitled to an inquiry into the prosecutor's explanations for the challenges (*see Batson v Kentucky, supra*). Accordingly, we remit the matter to the County Court, Nassau County, to afford the prosecutor the opportunity to offer race-neutral reasons for the challenges and, if he does so, for the defendant to establish that these reasons are pretextual (*see People v Jenkins*, 75 NY2d 550, 559-560 [1990]; *People v Berry*, 302 AD2d 536 [2003]; *cf. People v Payne*, 88 NY2d 172, 186-187 [1996]). Ritter, J.P., H. Miller, S. Miller and Crane, JJ., concur.