■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL GRATE, Appellant. [807 NYS2d 134]—

Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated November 13, 1989 (*see People v Grate,* 155 AD2d 553 [1989]), affirming a judgment of the County Court, Nassau County, rendered January 30, 1986, on the ground of ineffective assistance of appellate counsel. By decision and order of this Court dated December 23, 2002 (*see People v Grate,* 300 AD2d 600 [2002]), inter alia, the application was held in abeyance and the appellant was granted leave to serve and file a brief on the issue of whether he was deprived of his rights pursuant to *Batson v Kentucky* (476 US 79 [1986]). By decision and order of this Court dated April 19, 2004 (*see People v Grate,* 6 AD3d 627 [2004]), the application was held in abeyance and the matter was remitted to the County Court, Nassau County, to hear and report on the prosecutor's exercise of peremptory challenges against black prospective jurors, this Court having determined that the defendant made a prima facie showing of purposeful discrimination by the prosecutor in his exercise of peremptory challenges against several black prospective jurors. The County Court, Nassau County, has now complied, and the parties have filed their respective briefs.

Ordered that the application is denied.

In view of the hearing testimony, we agree with the County Court's implicit finding that the prosecutor satisfied his burden of rebutting the prima facie case of purposeful discrimination during jury selection by articulating clear, specific, and race-neutral explanations for the exercise of his peremptory challenges, and that the defendant failed to demonstrate that the race-neutral reasons advanced by the prosecutor were pretextual (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]; *People v Barnes*, 4 AD3d 433, 434 [2004]; *People v Epps*, 176 AD2d 293 [1991]; *see generally People v Richie*, 217 AD2d 84 [1995]). H. Miller, J.P., Crane, S. Miller and Ritter, JJ., concur.