■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JONES, Appellant. [880 NYS2d 340]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 25, 2006, convicting him of criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's challenge to the prosecutor's exercise of peremptory challenges against three black male venirepersons, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

"Selection procedures that purposefully exclude black persons from juries undermine public confidence in the fairness of our system of justice" (*Batson v Kentucky*, 476 US 79, 87 [1986]). "The *Batson* framework is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process" (*Johnson v California*, 545 US 162, 172 [2005]). The first step of the *Batson* framework requires that a defendant set forth a prima facie case "by showing that the totality of the relevant facts give rise to an inference of discriminatory purpose" (*Batson v Kentucky*, 476 US 79, 93-94 [1986]). This first step is not to be onerous and "a defendant satisfies the requirements of *Batson's* first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred" (*Johnson v California*, 545 US 162, 170 [2005]).

The sum of the facts presented by the defendant in this case was sufficient to give rise to an inference of discriminatory purpose in the prosecution's use of peremptory challenges. The trial court should have proceeded with the second and third steps of the *Batson* inquiry. Accordingly, we remit the matter to the Supreme Court, Queens County, for that purpose. We decide

no other issues at this time. Spolzino, J.P., Santucci, Angiolillo and Eng, JJ., concur.