■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL GRAY, Appellant. [892 NYS2d 455]—

During the first round of jury selection, the prosecutor used a peremptory challenge to strike the only black venireperson from a panel of 18 prospective jurors. The prospective juror was employed as head of security for a chain of 200 retail stores and considered himself to be a member of law enforcement. The defendant challenged pursuant to *Batson v Kentucky* (476 US 79 [1986]), arguing that, since the prospective juror might be expected to favor the prosecution due to his law enforcement background, an inference should be drawn that he was stricken because of his race. The trial court held that the defendant failed to meet his burden under the first step of *Batson* because he had not demonstrated a pattern of discrimination, and denied the defendant's challenge.

"[I]n order to establish a prima facie case of discrimination in the selection of jurors under *Batson*, a defendant asserting a claim must show that the exercise of peremptory challenges by the prosecution removes one or more members of a cognizable racial group from the venire and that facts and other relevant circumstances support a finding that the use of these peremptory challenges excludes potential jurors because of their race" (*People v Brown*, 97 NY2d 500, 507 [2002]; *see Batson v Kentucky*, 476 US at 96). Here, the defendant met his burden by establishing objective facts indicating that the prosecutor had challenged a member of a particular racial group who might be expected to favor the prosecution because of his background (*see People v Bolling*, 79 NY2d 317, 324 [1992]; *People v Scott*, 70 NY2d 420, 425 [1987]). We note that, contrary to the trial court's ruling, the defendant was not required to show a pattern of discrimination in order to meet this initial burden (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Bolling*, 79 NY2d at 321; *see also Johnson v California*, 545 US 162, 169 n 5 [2005]; *cf. People v Jones*, 11 NY3d 822 [2008]).

Since the trial court should have proceeded with the second

and third steps of the *Batson* inquiry, we remit the matter to the County Court, Suffolk County, for that purpose (*see People v Jones*, 63 AD3d 758 [2009]). We decide no other issues at this time. Mastro, J.P., Balkin, Belen and Chambers, JJ., concur.