■ The People of the State of New York, Respondent, v Victor Quiles, Appellant. [904 NYS2d 469]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (DiBella, J.), rendered August 31, 2007, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to hear and report, in accordance herewith, on the defendant's challenge to the prosecutor's exercise of a peremptory challenge as to prospective juror Morant, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

In *Batson v Kentucky* (476 US 79 [1986]), the Supreme Court of the United States held that the Equal Protection Clause of the United States Constitution prohibits a prosecutor from exercising peremptory challenges to strike prospective jurors on the basis of race. In the years since *Batson,* the New York Court of Appeals has adopted the holding of *Batson* under the New York State Constitution and extended it to gender or any other status that implicates equal protection concerns, and to discriminatory practices by defense counsel (*see People v Luciano*, 10 NY3d 499, 502-503 [2008]). Determining whether a party has exercised peremptory challenges to strike potential jurors for reasons that implicate equal protection concerns is a three-step process. First, the moving party must make "a prima facie case, based on the record of the voir dire, that his or her adversary is exercising peremptory challenges to remove prospective jurors on the basis of their membership in a constitutionally cognizable class protected under the Equal Protection Clause of the United States and New York State Constitutions" (*People v Hall*, 53 AD3d 552, 554 [2008], citing *Hernandez v New York*, 500 US 352, 358 [1991]; *see People v James*, 99 NY2d 264, 270 [2002]; *People v Allen*, 86 NY2d 101, 104 [1995]). Second, if the moving party makes such a prima facie showing, the burden shifts to the adversary to offer reasons for the disputed peremptory challenges unrelated to the jurors' membership in the protected class (*see People v James*, 99 NY2d at 270; *People v Allen*, 86 NY2d at 104; *People v Hall*, 53 AD3d at 554). Third, if such reasons are offered, the burden shifts back to the moving party to convince the court that the reasons, although facially neutral, are pretextual and not the genuine reasons for the strikes (*see People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Hall*, 53 AD3d at 554).

In the defendant's first *Batson* application, the defendant argued that the prosecutor used peremptory challenges to strike all of the black and Hispanic potential jurors. The record shows that the prosecutor used a peremptory challenge to strike one Hispanic potential juror and another potential juror whom the prosecutor believed to be Asian, but defense counsel perceived to be "either black or south Asian." The trial court denied the defendant's *Batson* application. We agree with the trial court that the defendant failed to make a prima facie case of discrimination with respect to his first *Batson* application (*see People v Severino*, 44 AD3d 1077, 1078 [2007]).

During the next day of jury selection, the prosecutor used a peremptory challenge to strike potential juror Young, a black woman. Defense counsel renewed his *Batson* application and

stated his concern that the prosecutor, through the use of peremptory challenges, was striking every "dark skinned person" and person he perceived to be Hispanic. The prosecutor replied that there was no pattern of striking jurors on the basis of race, and explained that she used a peremptory challenge to strike Young because she had a background in substance abuse counseling and was active in her church. According to the prosecutor, since the defense was alleging that there was drug use by the defendant, she believed that Young would be sympathetic to the defendant. The trial court found that the defendant failed to meet his burden of making a prima facie case of discrimination and, in any event, that the prosecutor provided a facially neutral reason for striking Young and that the defendant failed to meet his ultimate burden of establishing that the prosecutor's reason was pretextual.

Ordinarily, where a prosecutor offers a race-neutral explanation for a peremptory challenge, and the trial court rules on the ultimate issue of intentional discrimination, the preliminary issue of whether the defendant made a prima facie showing is deemed moot (*see Hernandez v New York*, 500 US at 359; *People v Smocum*, 99 NY2d at 423). Here, however, the trial court specifically held that the defendant did not meet his prima facie burden as to his *Batson* application with respect to Young. Accordingly, its comments regarding the ultimate issue of intentional discrimination were merely dicta. Moreover, we agree with the trial court that the defendant did not meet his prima facie burden (*see generally People v Hall*, 53 AD3d at 554).

Subsequently, the prosecutor exercised a challenge for cause to strike potential juror Morant, a black woman who worked as a bank loan officer. The prosecutor argued that, based on her questions to Morant during voir dire, she believed that the fact that Morant had majored in psychology in college would affect her deliberations and would cause her "to think about why the defendant was behaving as he did." The defendant renewed his *Batson* application. The trial court rejected the prosecutor's challenge for cause, stating that Morant was unequivocal that she would accept and follow the law as charged to her by the court, and she understood and accepted that motive was not an element of the crimes charged. The prosecutor then used a peremptory challenge to strike Morant. Defense counsel renewed his *Batson* application, asserting that Morant would be the fourth person of color struck by the prosecutor. Defense counsel argued that Morant had two relatives who were detectives and would ordinarily be a juror that was favorable to the prosecu-

tion, except that she was a person of color. Defense counsel asserted that any reasons given by the prosecutor for striking Morant were pretextual.

The prosecutor responded that she used a peremptory challenge to strike Morant because Morant had reservations as to whether she could disregard her psychology background. The trial court disagreed with the prosecutor's assessment, and stated that every person on the jury would be curious as to why an individual did what he or she was accused of doing. Nonetheless, the trial court allowed the prosecutor to exercise the peremptory challenge to strike Morant.

The trial court did not perform the third step of the *Batson* procedure with respect to Morant, in that it made no finding as to whether the reasons offered by the prosecutor, although facially neutral, were pretextual and not the genuine reasons for the challenge (*see People v Jones*, 88 NY2d 172, 184 [1996]; *People v Hall*, 53 AD3d at 555; *People v Mackenzie*, 231 AD2d 740, 741 [1996]).

Accordingly, we hold the appeal in abeyance and remit the matter to the Supreme Court, Westchester County, to hear and report on the third step of the *Batson* process with respect to potential juror Morant. We decide no other issues at this time. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.