■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAQUAN NORRIS, Appellant. [909 NYS2d 655]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered May 7, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Richmond County, to hear and report, in accordance herewith, on the defendant's challenge to the prosecutor's exercise of peremptory challenges against black venirepersons, and the appeal is held in abeyance in the interim. The Supreme Court, Richmond County, shall file its report with all convenient speed.

"The *Batson* framework is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process" (*Johnson v California*, 545

US 162, 172 [2005]). The first step of the *Batson* framework requires that a defendant set forth a prima facie case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose" (*Batson v Kentucky*, 476 US 79, 94 [1986]). This first step is not to be onerous, and "a defendant satisfies the requirements of *Batson's* first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred" (*Johnson v California*, 545 US at 170).

The sum of the facts presented by the defendant in this case was sufficient to give rise to an inference of discriminatory purpose in the prosecution's use of peremptory challenges with respect to the subject five venirepersons. Therefore, the Supreme Court should have proceeded with the second and possibly third step of the *Batson* inquiry. Accordingly, we hold the appeal in abeyance and remit the matter to the Supreme Court, Richmond County, for that purpose. We decide no other issues at this time. Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.