*963 Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered May 14, 2012, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report, in accordance herewith, on the defendant’s challenge to the prosecutor’s exercise of peremptory challenges against black venirepersons, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
As the United States Supreme Court stated in Batson v Kentucky (476 US 79 [1986]), “[selection procedures that purposefully exclude black persons from juries undermine public confidence in the fairness of our system of justice” (id. at 87). The first step under Batson requires a defendant to make a prima facie case “by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose” (id. at 94; see People v Hurdle, 99 AD3d 943 [2012]; People v Norris, 78 AD3d 736, 737 [2010]; People v Quiles, 74 AD3d 1241, 1242 [2010]). This first step “is not to be onerous,” and is satisfied “by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred” (People v Hurdle, 99 AD3d at 943 [internal quotation marks omitted]; see People v Norris, 78 AD3d at 737). When a prima facie showing is made, the burden shifts to the prosecution to provide a race-neutral explanation for the challenged peremptory exclusions (see Batson v Kentucky, 476 US at 96-97; People v Brown, 97 NY2d 500, 507 [2002]).
The defendant made a prima facie showing of discrimination based on the prosecutor’s exercise of peremptory challenges to exclude the only two prospective jurors who were black, the same race as the defendant. Contrary to the Supreme Court’s finding, under the circumstances of this case, those facts were sufficient to create an inference of purposeful discrimination in the prosecution’s use of peremptory challenges to strike the only two jurors in the venire who were black (see People v Bolling, 79 NY2d 317, 324 [1992]; People v Hurdle, 99 AD3d at 944; People v Norris, 78 AD3d at 737; People v Quiles, 74 AD3d at 1242).
Accordingly, the Supreme Court should have proceeded with the second step and, if applicable, the third step of the Batson inquiry. We, therefore, hold the appeal in abeyance and remit *964 the matter to the Supreme Court, Queens County, to hear and report for that purpose. We decide no other issues at this time.
Rivera, J.E, Austin, Roman and Hinds-Radix, JJ., concur.