■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG DAVIS, Appellant. [62 NYS3d 641]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 11, 2014. The judgment convicted defendant, upon a jury verdict, of rape in the second degree (two counts), criminal sexual act in the second degree (two counts), endangering the welfare of a child and sexual abuse in the third degree (two counts).

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of rape in the second degree (Penal Law § 130.30 [1]), criminal sexual act in the second degree (§ 130.45 [1]), and sexual abuse in the third degree (§ 130.55), and one count of endangering the welfare of a child (§ 260.10 [1]). We agree with defendant that he met his initial burden on his *Batson* application by demonstrating that the prosecution exercised a peremptory challenge to remove a

member of a cognizable racial group from the venire, "and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenge[ ] to exclude [that] potential juror[ ] because of [her] race" (*People v Childress*, 81 NY2d 263, 266 [1993]; *see People v James*, 99 NY2d 264, 270 [2002]; *see generally Batson v Kentucky*, 476 US 79, 96 [1986]). We note that "the first-step burden in a *Batson* challenge is not intended to be onerous" (*People v Hecker*, 15 NY3d 625, 651 [2010], *cert denied* 563 US 947 [2011]; *see Johnson v California*, 545 US 162, 170 [2005]), and that the initial burden is met when " 'the totality of the relevant facts gives rise to an inference of discriminatory purpose' " (*Hecker*, 15 NY3d at 651, quoting *Batson*, 476 US at 94; *see People v Jones*, 63 AD3d 758, 758 [2009]). Here, defendant is African-American, and the first prospective juror to be peremptorily challenged by the People was the only African-American on the panel. Neither the People nor defendant asked any questions of the prospective juror at issue during voir dire, and County Court's general questioning of the panel raised no issues that would distinguish her from the other prospective jurors. Inasmuch as there is a basis in the record to infer that the People exercised the peremptory challenge in a discriminatory manner, the burden shifted to the People to articulate a nondiscriminatory reason for striking the juror, and the court then should have determined whether the proffered reason was pretextual (*see James*, 99 NY2d at 271). We therefore hold the case, reserve decision, and remit the matter to County Court for that purpose (*see People v Bolling*, 79 NY2d 317, 325 [1992]; *People v Jenkins*, 75 NY2d 550, 559-560 [1990]; *Jones*, 63 AD3d at 758). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.