People v Herrod (2018 NY Slip Op 05110)





People v Herrod


2018 NY Slip Op 05110


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


853 KA 16-01481

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONE HERROD, ALSO KNOWN AS TONE, DEFENDANT-APPELLANT. 






THE KINDLON LAW FIRM, PLLC, ALBANY (LEE C. KINDLON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (David W. Foley, A.J.), rendered June 27, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that County Court misstated his burden under the first step of the three-step Batson test. We agree. In order for the moving party to satisfy its burden at step one, it must " show[ ] that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason' " (People v Baxter, 108 AD3d 1158, 1159 [4th Dept 2013], quoting People v Smocum, 99 NY2d 418, 421 [2003]). "A defendant need not show [either] a pattern of discrimination' " (People v Anthony, 152 AD3d 1048, 1050 [3d Dept 2017]) or, as the court stated here, "a systematic approach by the prosecution." Rather, a defendant may satisfy his or her burden under the first step by demonstrating that "members of the cognizable group were excluded while others with the same relevant characteristics were not" or that the People excluded members of the cognizable group "who, because of their background and experience, might otherwise be expected to be favorably disposed to the prosecution" (People v Childress, 81 NY2d 263, 267 [1993]).
We conclude that defendant met his burden under step one by establishing that there is a basis in the record to infer that the People exercised the peremptory challenge in a discriminatory manner. Here, defense counsel explained to the court that the relevant prospective juror was the first African-American male "that's been available without a [for]-cause" challenge and that the prospective juror provided answers during voir dire that were favorable to the prosecution, i.e., that the prospective juror had a number of family members in law enforcement, had a college degree and had at one time been robbed. Defense counsel thus implied that he could not ascertain from the prospective juror's answers a reason for the peremptory challenge other than racial bias. The court did not provide defense counsel with any further opportunity to develop that argument and, instead, interrupted defense counsel and concluded that a pattern of discrimination had not been established. Inasmuch as there is a basis in the record to infer that the People exercised the peremptory challenge in a discriminatory manner, we conclude that "the burden shifted to the People to [*2]articulate a nondiscriminatory reason for striking the juror, and the court then should have determined whether the proffered reason was pretextual" (People v Davis, 153 AD3d 1631, 1632 [4th Dept 2017]; see generally People v James, 99 NY2d 264, 270-271 [2002]). We therefore hold the case, reserve decision, and remit the matter to County Court for that purpose (see Davis, 153 AD3d at 1632).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court