People v Davis (2018 NY Slip Op 07569)





People v Davis


2018 NY Slip Op 07569


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1050 KA 14-02227

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRAIG DAVIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 11, 2014. The appeal was held by this Court by order entered September 29, 2017, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (153 AD3d 1631). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of rape in the second degree (Penal Law § 130.30 [1]), criminal sexual act in the second degree
(§ 130.45 [1]), and sexual abuse in the third degree (§ 130.55), and one count of endangering the welfare of a child (§ 260.10 [1]). On a prior appeal, we determined that defendant met the initial burden on his Batson application, but we held the case, reserved decision and remitted the matter to County Court for the People to articulate a nondiscriminatory reason for striking an African-American prospective juror, and for the court to determine whether the proffered reason was pretextual (People v Davis, 153 AD3d 1631, 1631-1632 [4th Dept 2017]). Upon remittal, the court conducted a hearing and determined that the reason proffered by the People for the peremptory challenge was nondiscriminatory and not pretextual.
We agree with defendant that the People failed to meet their burden at step two of the Batson analysis to articulate a "race-neutral reason" for striking the prospective juror (People v Hecker, 15 NY3d 625, 655 [2010], cert denied 563 US 947 [2011]; see Batson v Kentucky, 476 US 79, 98 [1986]). On remittal, the prosecutor testified that he did not remember his reason for striking the prospective juror at issue, but stated that it had "nothing to do with race." The prosecutor testified that, instead, "there was something on [the prospective juror's] jury questionnaire . . . that [he] did not particularly like," which would have provided a basis for exercising a peremptory challenge if he "could not clarify [that] issue" during voir dire. The prosecutor, however, had no recollection of the subject prospective juror's actual questionnaire, which, apparently, was not preserved.
We conclude that the prosecutor's articulated reason for striking the only African-American prospective juror was insufficient to satisfy the People's burden. As noted, the prosecutor could not recall a specific reason for striking the prospective juror, but rather assured the court in a conclusory fashion that the challenge was not based on race and was based, instead, on "something" in the prospective juror's questionnaire. Thus, the prosecutor's explanation "amounted to little more than a denial of discriminatory purpose and a general assertion of good faith" (People v Dove, 172 AD2d 768, 769 [2d Dept 1991], lv denied 78 NY2d 1075 [1991] [internal quotation marks omitted]; see Purkett v Elem, 514 US 766, 769 [1995]; Batson, 476 US at 98; People v Bolling, 79 NY2d 317, 320 [1992]; see also People v Bridgeforth, 28 NY3d 567, [*2]576 [2016]; People v Davis, 253 AD2d 634, 635-636 [1st Dept 1998]; People v Mims, 149 AD2d 948, 949 [4th Dept 1989], lv denied 74 NY2d 744 [1989], lv dismissed 76 NY2d 792 [1990]). Where, as here, "the facts establish, prima facie, purposeful discrimination and the prosecutor does not come forward with a neutral explanation for his action, . . . precedents require that [defendant's] conviction be reversed" (Batson, 476 US at 99). We therefore reverse the judgment and grant a new trial (see People v Mallory, 121 AD3d 1566, 1568 [4th Dept 2014]; Mims, 149 AD2d at 948; see also Batson, 476 US at 99).
In view of our determination, we do not address defendant's remaining contentions.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court