People v Brissett (2022 NY Slip Op 07244)

People v Brissett

2022 NY Slip Op 07244

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2016-11532
 (Ind. No. 146/15)

[*1]The People of the State of New York, respondent,
v
Wesley Brissett, appellant.

Patricia Pazner, New York, NY (Tammy E. Linn and David L. Goodwin of counsel; Natalie Smith on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered September 29, 2016, convicting him of criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. By decision and order dated July 14, 2021, this Court remitted the matter to the Supreme Court, Richmond County, to hear and report on the defendant's challenge to the prosecution's exercise of peremptory challenges against three black prospective jurors, and held the appeal in abeyance in the interim (see People v Brissett, 196 AD3d 594). The Supreme Court, Richmond County (Ralph J. Porzio, J.), has now filed its report. Justice Dillon has been substituted for former Justice Hinds-Radix (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment is affirmed.
On appeal, the defendant contends that the Supreme Court erroneously denied his Batson challenges (see Batson v Kentucky, 476 US 79) with respect to the prosecution's exercise of peremptory challenges to exclude three black prospective jurors.
"New York courts apply the three-step test of Batson v Kentucky (476 US 79) to determine whether a party has used peremptory challenges to exclude potential jurors for an impermissible discriminatory reason" (People v Alexander, 168 AD3d 755, 755-756). "The first step under Batson requires a defendant to make a prima facie case 'by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose'" (People v Chery, 117 AD3d 962, 963, quoting Batson v Kentucky, 476 US at 94). "Once a defendant has made his or her prima facie showing of discrimination, the inquiry proceeds to the second step, where 'the burden shifts and the prosecution must come forward with a race-neutral explanation for its challenged peremptory choices'" (People v Hurdle, 99 AD3d 943, 943, quoting People v Childress, 81 NY2d 263, 266). "[I]f the prosecution meets its burden, the inference of discrimination is overcome, and the third step of the Batson inquiry requires the court to make 'an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented'" (People v Hurdle, 99 AD3d at 943, quoting People v Smocum, 99 NY2d 418, 422).
In a decision and order dated July 14, 2021, this Court determined that the defendant made a prima facie showing of discrimination based upon the prosecution's exercise of peremptory challenges to the three prospective jurors, and thus, the Supreme Court should have proceeded with the second step and, if applicable, the third step of the Batson inquiry with respect to each of the Batson challenges (see People v Brissett, 196 AD3d 594, 597). Consequently, this Court held the appeal in abeyance and remitted the matter to the Supreme Court, Richmond County, to hear and report for that purpose (id. at 597).
In a report dated January 14, 2022, made after a hearing, the Supreme Court found that the explanations proffered by the People for exercising the peremptory challenges were sufficient to satisfy the People's burden of presenting race-neutral explanations for the challenges, and that the proffered explanations were not a pretext for discrimination.
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's Batson challenges to the three prospective jurors. For each of the prospective jurors at issue, the prosecution offered race-neutral reasons for exercising the peremptory challenges, and the court's determination that those reasons were not pretextual is supported by the record (see People v Portious, 201 AD3d 820; People v Parker, 195 AD3d 493, 494).
DILLON, J.P., RIVERA, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court