People v Cabrera (2025 NY Slip Op 06176)

People v Cabrera

2025 NY Slip Op 06176

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
SUSAN QUIRK, JJ.

2003-09932
 (Ind. No. 3037/02)

[*1]The People of the State of New York, respondent,
v
Thomas Cabrera, appellant.

Patricia Pazner, New York, NY (Brian Perbix and Chelsey Amelkin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Michael Tadros, Joseph M. DiPietro, and Nicholas Isaacson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered October 7, 2003, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joan O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statement made in the presence of a law enforcement official.
ORDERED that the judgment is affirmed.
The defendant was subjected to a traffic stop and gave the police consent to search the trunk of the car. During the search, police recovered a firearm from the trunk. At the police precinct station house, an officer took the defendant to an arrest processing room where the defendant made a phone call to his attorney while the officer remained inside the room. Prior to trial, the defendant moved, among other things, to suppress his statement made in the presence of the law enforcement official. After a suppression hearing, the Supreme Court denied that branch of the defendant's omnibus motion. After a jury trial, the defendant was convicted of criminal possession of a weapon in the third degree (Penal Law former § 265.02[4], now Penal Law § 265.03[3]). At sentencing, the court adjudicated the defendant a second felony offender and sentenced him to five years' imprisonment. The defendant appeals.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the defendant's statement to his attorney made in the presence of a law enforcement official. "[S]tatements made by a defendant who has invoked the right to counsel may nevertheless be admissible at trial if they were made spontaneously" (People v Harris, 57 NY2d 335, 342; see People v Cascio, 79 AD3d 1809, 1811). Here, the hearing testimony established that the defendant could see a police officer standing nearby when he made the phone call to his attorney and that he made the statement voluntarily and spontaneously, as it was not induced, provoked, or encouraged by any action of the police officer (see People v Harris, 57 NY2d at 343; People v Fields, 212 AD3d 648, 649-650).
Contrary to the defendant's contention, the Supreme Court properly denied his Batson challenges (see Batson v Kentucky, 476 US 79) to the prosecution's use of peremptory challenges to strike Black prospective jurors. The prosecution offered race-neutral reasons for exercising the peremptory challenges, and the court's determination that those reasons were not pretextual is supported by the record (see People v Brisset, 211 AD3d 964, 966; People v Portious, 201 AD3d 820).
The defendant's contention that there was legally insufficient evidence that the firearm was loaded is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that his right of confrontation was violated because he was deprived of the opportunity to cross-examine the witness who created the firearm report used to convict him is unpreserved for appellate review (see CPL 470.05[2]; People v Liner, 9 NY3d 856, 856-857), and we decline to review the issue in the exercise of our interest of justice jurisdiction (see People v Hairston, 213 AD3d 694, 695; People v Gough, 203 AD3d 747, 747).
The defendant's contention that Penal Law § 265.03(3), formerly Penal Law § 265.02(4), is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Manners, 217 AD3d 683; People v McDowell, 214 AD3d 1437). In any event, the defendant's contention is without merit. The ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Manners, 217 AD3d at 686).
The defendant's contention that his sentence as a second felony offender (see Penal Law § 70.06) was unconstitutional is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see CPL 470.05[2]; People v Rosen, 96 NY2d 329, 335; People v Munoz, 237 AD3d 1110, 1111) and did not contest his criminal history, including the relevant periods of incarceration (see People v Hernandez, 43 NY3d 591). We decline to review the contention in the exercise of our interest of justice jurisdiction (see People v Munoz, 237 AD3d at 1111).
GENOVESI, J.P., FORD, VENTURA and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court